UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WALTER EDDIE MCCOMB                                                    PLAINTIFF

VERSUS                                           CIVIL ACTION NO. 1:08CV595-LG-RHW

ARTHUR LAWLER                                                          DEFENDANT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court is Respondent's [5] Motion to Dismiss Walter Eddie McComb's 28 U.S.C. § 2254 habeas petition as time barred by the AEDPA's one-year limitation period. McComb raises the following claims in his petition: (1) ineffective assistance of counsel; (2) defective indictment; and (3) involuntary guilty plea. The Respondent asserts that the petition should be dismissed as time barred because McComb's conviction became final no later than July 3, 2004; therefore, in order to defeat the time bar requirement his § 2254 habeas petition must have been filed on or before July 5, 2005. McComb filed his § 2254 petition on August 28, 2008, thereby rendering it untimely. Respondent further argues that McComb's State court application for post-conviction relief, filed on March 12, 2007, did not toll the limitations period because it was filed after the AEDPA's one-year limitation had already expired.

## LAW AND ANALYSIS

Section 2244 provides in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period expires one year after petitioner's conviction and sentence become final. In this case, McComb pleaded guilty to one count of felony domestic violence-aggravated assault and one count of aggravated assault on June 3, 2004. On the same day McComb, was sentenced as an habitual offender to serve 15 years in the custody of the Mississippi Department of Corrections for each count, with his sentences to run concurrently. According to Miss. Code Ann. § 99-35-101, there is no direct appeal from a guilty plea. However, there is an exception to this statutory prohibition which allows an appeal from a guilty plea within 30 days when the issue concerns an alleged illegal sentence. *See Burns v. State*, 344 So.2d 1189 (Miss. 1977); *Trotter v. State*, 554 So.2d 313 (Miss. 1989); *Berry v. State*, 722 So.2d 706 (Miss. 1998); *Campbell v. State*, 743 So.2d 1050 (Miss. App. 1999); and *Acker v. State*, 797 So.2d 966 (Miss. 2001). Therefore, McComb's conviction and sentence became final no later than July 3, 2004, 30 days after he was sentenced. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). In order for his § 2254 petition to be timely, McComb had to file the petition no later than July 5, 2005 (July 3 was a Sunday and July 4 was a holiday). McComb signed his habeas

petition August 28, 2008, and the petition was filed with the Court on September 10, 2008. This was well beyond the one year time limit provided for by the AEDPA. Thus, unless Petitioner is entitled to any tolling provisions, his petition is time-barred.

Section 2244 (d)(2) provides that a properly filed application for State post-conviction or other collateral review tolls the one-year limitations period. In this case, Petitioner filed a motion for post-conviction relief in the Harrison County Circuit Court on March 12, 2007. The petition was denied. Because Petitioner filed this petition for State habeas relief long after the one year limitations period already had expired, it had no effect in tolling the federal statutory time bar period. Furthermore, McComb does not argue that he is entitled to equitable tolling.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the Respondent's [5] Motion to Dismiss be granted and that McComb's petition be denied as time-barred.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who objects to this recommendation must, within ten (10) days after being served a copy of the Recommendation, serve and file with the Clerk of Court his written objections to the Recommendation, with a copy to the District Judge, the U.S. Magistrate Judge and the opposing party. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. A party's failure to file objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a *de novo* determination by the District Court. A party who fails to file written objections to the proposed findings, conclusions and Recommendation within

ten (10) days after being served with a copy, shall be barred, except upon the grounds of plain error, from attacking on appeal any proposed factual finding and legal conclusion accepted by the District Court to which the party did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO, ORDERED, this the 27th day of January, 2009.

                                             s/ *Robert H. Walker*
                                             UNITED STATES MAGISTRATE JUDGE