# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **WALTER EDDIE McCOMB** | § | **PETITIONER** |
| | § | |
| v. | § | **CIVIL ACTION NO. 1:08CV595-LG-RHW** |
| | § | |
| **ARTHUR LAWLER** | § | **RESPONDENT** |

## ORDER ADOPTING PROPOSED
## FINDINGS OF FACT AND RECOMMENDATION

**BEFORE THE COURT** are the Proposed Findings of Fact and Recommendation [6] entered by United States Magistrate Judge Robert H. Walker on January 27, 2009. Magistrate Judge Walker recommends that the Motion to Dismiss [5] filed by the respondent, Arthur Lawler, should be granted. The Petitioner, Walter Eddie McComb, filed an objection to the Proposed Findings of Fact and Recommendation on February 6, 2009. Upon considering the pleadings filed in this matter and the applicable law, the Court finds that the Proposed Findings of Fact and Recommendation should be adopted as the opinion of this Court.

### FACTS

On June 30, 2004, McComb pled guilty to one count of felony domestic violence - aggravated assault and one count of aggravated assault, and he was sentenced as a habitual offender to serve fifteen years in the custody of the Mississippi Department of Corrections for each count, with his sentences to run concurrently. He did not appeal his sentence or conviction. Therefore, his conviction and sentence became final on July 3, 2004. *See Acker v. State*, 797 So. 2d 966, 967 n.1 (Miss. 2001) (providing that a criminal defendant can appeal a guilty plea within thirty days if the sentence was illegal). As a result, McComb's deadline for filing a habeas petition was July 5, 2005. *See* 28 U.S.C. 2244(d)(1). He filed a motion for post-conviction relief

on March 12, 2007.[1]  McComb signed his habeas petition on August 28, 2008, and it was filed on September 10, 2008.

McComb does not dispute that his habeas petition was untimely.  However, he asserts that he is entitled to equitable tolling because his lawyer did not respond to letters that he sent between February and March of 2005 and did not cooperate with him.[2]  He alleges that, after he did not receive a response from his lawyer, he proceeded *pro se* and began trying to obtain information regarding his case, but all of his legal work was destroyed during a "shakedown" at the institution where he was imprisoned.  McComb does not provide the date of the alleged shakedown.

## DISCUSSION

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."  *Alexander v. Cockrell*, 294 F.3d 626 (5th Cir. 2002) (quoting *United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000)).  Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  The petitioner must demonstrate "rare and exceptional circumstances" warranting application of the doctrine, and the doctrine will not be applied where the petitioner failed to diligently pursue habeas corpus relief.  *Alexander*, 294 F.3d at 629.

---

[1] Since the post-conviction relief motion was filed after the limitations period for filing a habeas petition, it could not toll the limitations period.  *See Butler v. Cain*, 533 F.3d 314, 318 (5th Cir. 2008).

[2] McComb did not raise equitable tolling or otherwise respond to the Motion to Dismiss.  He first raised the doctrine in response to the Proposed Findings of Fact and Recommendation.

McComb has not demonstrated to the Court that he was prevented in some extraordinary way from filing a timely petition. His attorney's alleged failure to respond to his correspondence and the alleged loss of his legal work may have caused a small amount of delay, but these incidents do not explain why the petition was filed over three years after the limitations period expired. Therefore, even assuming that these events could be considered the type of rare and exceptional circumstances that could warrant equitable tolling, McComb did not diligently pursue habeas corpus relief. Therefore, he is not entitled to equitable tolling, and his petition is untimely.

As a result, the Court finds that the Proposed Findings of Fact and Recommendation entered by United States Magistrate Judge Robert H. Walker should be adopted as the opinion of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendation [6] entered by United States Magistrate Judge Robert H. Walker, be, and the same hereby are, **ADOPTED** as the findings of this Court. The Petition for Writ of Habeas Corpus is hereby **DISMISSED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion to Dismiss [5] filed by the respondent is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 10th day of February, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE